**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Paul Reiffer, | ) | No.  CV 20-00561-TUC-RM (LAB) |
| Plaintiff, | ) | ORDER |
| vs. | ) | |
| M. Ted Moeller and Moeller Law Office, P.C.., | ) | |
| Defendants. | ) | |

Pending before the court is the plaintiff's motion to compel discovery filed on August 18, 2021.  (Doc. 31)  The defendants filed a response on September 1, 2021, and the plaintiff filed a reply on September 8, 2021.  (Doc. 38);  (Doc. 39)

This is a copyright infringement action.  The plaintiff, Paul Reiffer, is a professional photographer "who makes his living by taking, licensing, and selling his photographs." (Doc. 31, p.1)  He alleges that the defendants used one of his photographs (the Photo), an image of the Colorado river's horseshoe bend, to advertise their legal services without his permission.

The Photo is a relatively expansive view of horseshoe bend with the sun setting on the horizon, under a band of clouds.  (Doc. 1, p. 3);  (Doc. 30, p. 3)  The Complaint alleges that the defendants advertised their legal services by using a "cropped" version of the Photo.  *Id.* This version shows a view of the horseshoe river bend below the horizon and without any indication as to authorship.  *Id.*

1    On April 8, 2021, Reiffer served the defendants with his original list of
2  interrogatories. (Doc. 31, p. 2)  The defendants' first response was served on May 7, 2021.
3  *Id.*  Since then, the defendants have produced three supplemental responses as they have
4  uncovered additional documents.  Reiffer argues in the pending motion that their responses
5  are still unsatisfactory.  (Doc. 31)

6    At first, the defendants denied using the plaintiff's Photo and argued that the cropped
7  image could not be positively identified as the plaintiff's.  (Doc. 31, p. 2, n. 1)  The
8  defendants have since disclosed an "uncropped" version of the image that they used for their
9  advertising, which shows horseshoe bend, the horizon, and sky.  The defendants concede this
10 is the plaintiff's Photo. (Doc. 31-2, p. 2)  The defendants state that they disclosed "ALL of
11 the photos saved in Defendants['] computer system" in June of 2021.  (Doc. 38, p. 5)

12    Shortly afterwards, in July of 2021, the defendants engaged a computer technician to
13 review the photos in their possession.  (Doc. 38, p. 5)  The technician discovered that the
14 defendants are in possession of a "filtered" image of horseshoe bend, and if the filter is
15 removed, the plaintiff's name, Paul Reiffer, becomes visible. (Doc. 38, pp. 5, 7); (Doc. 31-
16 5, p. 2)  The defendants suggest that someone on their staff, Christina Muckey, could have
17 downloaded a filtered image from Goggle Images without knowing what the unfiltered image
18 looked like. (Doc. 38, pp. 5, 7)  The defendants did not disclose this unfiltered copy of the
19 photograph, because it was not "saved" by the technician.  *Id.*

20    In the pending motion, Reiffer argues first that the defendants must disclose the
21 identity of their computer technician and his or her communications with the defendants.

22    "Ordinarily, a party may not, by interrogatories or deposition, discover facts known
23 or opinions held by an expert who has been retained or specially employed by another party
24 in anticipation of litigation or to prepare for trial and who is not expected to be called as a
25 witness at trial."  Fed. R. Civ. P. 26(b)(4)(D)(ii).  "But a party may do so only . . .  on
26 showing exceptional circumstances under which it is impracticable for the party to obtain
27 facts or opinions on the same subject by other means."  *Id.*  "Several policy considerations
28 underlie the rule, including, (1) encouraging counsel to obtain necessary expert advice

1    without fear that the adversary may obtain such information; (2) preventing unfairness that

2    would result from allowing an opposing party to reap the benefits from another party's

3    efforts and expense; (3) limiting any chilling effect on the use of experts as consultants if

4    their testimony could be compelled; and (4) avoiding prejudice to the retaining party if the

5    opposing party were allowed to call at trial an expert who provided an unfavorable opinion

6    to the party who first retained them."   *In re Morning Song Bird Food Litig*., 2015 WL

7    12791470, at *6 (S.D. Cal. 2015), *order clarified*, 2015 WL 12791473 (S.D. Cal. 2015).

8         The defendants assert that their computer technician was retained in order to comply

9    with their discovery obligations and imply[1] that he or she is not expected to be called as a

10   witness at trial.   (Doc. 38, p. 7)   Accordingly, the identity of the technician and

11   communications between the technician and the defendants is not discoverable unless Reiffer

12   can show "exceptional circumstances."  Fed. R. Civ. P. 26(b)(4)(D)(ii).

13        Reiffer argues that the defendants have waived this privilege "by placing the requested

14   information and material 'at issue.'"   (Doc. 39, p. 4)   The court does not agree.   The

15   technician has discovered that the defendants possess a "filtered" version of the Photo which

16   does not display the plaintiff's name.   The technician also found that this filter can be

17   removed to reveal the "unfiltered" version.  Also, the technician failed to find any evidence

18   that the filter was applied by the defendants and stated that he or she "was able to download

19   similarly filtered images from Google Images." (Doc. 39, p. 4)  It does not appear that the

20   defendants' technician has discovered anything that Reiffer could not verify for himself now

21   that the defendants have disclosed a copy of the filtered Photo.   Presumably Reiffer's

22   technician, should he chose to employ one, can examine that the filtered Photo and see if it

23   provides clues as to when it was last edited.  If the defendants had any such information, they

24   would be required to disclose it.  They have not done so.  Absent any affirmative evidence

25   of dishonesty, the court will presume that the defendants do not possess any such

26   information.

27

28

_____

[1] The court assumes this is true for the purposes of this order.

1   Reiffer further argues that exceptional circumstances exist where "the object or

2   condition at issue is destroyed or has deteriorated after the non-testifying expert observes it

3   but before the moving party's expert has an opportunity to observe it." (Doc. 39, p. 5)  They

4   assert that this very situation presents itself here because the defendants said that "they can't

5   produce an 'unfiltered' version of Plaintiff's photo because their IT person 'did not save the

6   photo in the unfiltered format.'"  The court does not agree.  The technician's failure to save

7   the unfiltered version of the Photo does not prevent another person from creating another

8   unfiltered version.  *See* (Doc. 38, p. 7)  Nothing has been destroyed.

9   Reiffer also argues that the defendants waived the privilege because they failed to

10   timely assert it.  (Doc. 31, pp. 4-5)

11   The pertinent Rule states that "[t]he grounds for objecting to an interrogatory must be

12   stated with specificity." Fed.R.Civ.P.33(b)(4).  "Any ground not stated in a timely objection

13   is waived unless the court, for good cause, excuses the failure."  *Id.*  Reiffer asserts that the

14   defendants failed to raise a timely objection to the disclosure of the computer technician, but

15   he does not explain how the term "timely" should be construed here.

16   "Federal Rule of Civil Procedure 33(b)(2) requires that, unless otherwise agreed or

17   ordered by the court, the responding party must serve its answers and any objections within

18   30 days after being served with the interrogatories." *Liguori v. Hansen*, 2012 WL 760747,

19   at *11 (D. Nev. 2012).  In this case, the original interrogatory was served in April 8, 2021.

20   (Doc. 31, p. 2)  The defendants' first response was served on May 7, 2021, within the 30-day

21   deadline.  *Id.*  They did not "timely" assert the work-product privilege in their response, but

22   they could not have done so because the technician was not retained until two months later

23   in July of 2021. (Doc. 31-5, p. 2)   The defendants first mentioned the technician in an email

24   on July 13, 2021.  *Id.*  Reiffer asked for his name in an email sent on July 15, 2021.  (Doc.

25   31-3, p. 7)  The defendants asserted that the technician's identity and communications are

26   privileged in an email sent on July 23, 2021.  (Doc. 31, pp. 4-5)

27   Reiffer argues that the defendants should have formally raised the issue of privilege

28   in their third and fourth amended responses produced on July 23, 2021.   The court agrees

1   that this would be the best practice, but because the Rules do not give specific deadlines for

2   filing amended responses, it is difficult to conclude that the defendants have not made a

3   "timely objection."  The defendants did raise the privilege within ten days of revealing that

4   they had hired a computer technician and within eight days of Reiffer's request for

5   disclosure, giving the plaintiff "timely" written notification of their position.   That

6   notification was not given in a formal response to Reiffer's interrogatory, true.  But for the

7   court to find that the privilege has been waived by this oversight would exalt form over

8   substance in this particular instance.  *See* Fed.R.Civ.P. 1.

9        Reiffer further moves that the defendants disclose "information related to the source

10  from which the photo was acquired, the date it was acquired, identification of all computers

11  and storage devices on which the photo was stored, the URL address for each page of any

12  website featuring the photo, the dates of use, the date the photo was deleted from

13  Defendants' LinkedIn Page, and the current location of all copies of the photo." (Doc. 31,

14  p. 5) He asserts that "all of this information almost certainly still resides on the Defendants'

15  computer hard drives." *Id.*

16       The court agrees that this information is discoverable, and the defendants do not argue

17  otherwise.  The defendants do, however, explain that they do not have all of the information

18  that Reiffer expects them to have.  Christina Muckey's search history was apparently deleted

19  "well before the August 2020 letter from [the plaintiff's] attorney McKinney." (Doc. 38, p.

20  5)  The defendants affirmatively state that they have tried to obtain information from

21  LinkedIn but their efforts have not been particularly fruitful. The court will order the

22  defendants to produce the requested information to the extent they have it in their possession,

23  custody, or control.  The plaintiff further asserts that the LinkedIn file disclosed by the

24  defendants contains password-protected information.  As the defendants have not offered any

25  objection, the court will order the defendants to produce this password.

26       Reiffer further argues that the defendants should provide all photos in their possession

27  including an unfiltered version of the Photo.  The court agrees.  The fact that their technician

28  did not save a copy of the unfiltered Photo at that time he or she uncovered it does not

1    absolve them of the duty to produce it.   Rule 34 states that a party may serve a request to

2    produce "items in the responding party's possession, custody, or control . . .[such as]

3    designated documents or electronically stored information . . . stored in any medium from

4    which information can be obtained *either directly or, if necessary after translation* by the

5    responding party into a reasonably usable form . . . ." Fed.R.Civ.P. (emphasis added).  The

6    defendants have a copy of the Photo in a *filtered* state (without the plaintiff's name) that,

7    after some electronic translation, can be, and has been, transformed into the Photo in an

8    *unfiltered* state (with the plaintiff's name).  The court finds that both versions of the Photo

9    are in the possession, custody, and control of the defendants and must be disclosed to the

10   plaintiff.  The fact that the defendants do not have a copy of the unfiltered Photo readily

11   available is not dispositive.  *See also Bank of Mongolia v. M & P Glob. Fin. Servs., Inc*., 258

12   F.R.D. 514, 519 (S.D. Fla. 2009)  ("Deleted computer files, however, whether e-mails or

13   otherwise, are discoverable.").

14   Reiffer also argues that the defendants have failed to verify their interrogatory

15   responses.  The defendants assert that they did so on May 21, 2021.  (Doc. 38)  They state

16   that they will provide a verification of their third and fourth amended responses if requested.

17   *Id.*  Apparently, Reiffer did make that request in an email on July 23, 2021.  (Doc. 39, p. 7)

18   The defendants will be ordered to verify their amended answers.  *See* Fed.R.Civ.P. 33(b)(3,

19   5).

20   Finally, Reiffer argues that this court should award fees pursuant to Fed.R.Civ.P.

21   37(a)(5)(A), which authorizes the court to award "reasonable expenses incurred in making

22   the motion, including attorney's fees" if the motion is granted.  In this case, however, the

23   motion will be granted in part and denied in part in which case, "the court may issue any

24   protective order authorized under Rule 26(c) and may, after giving an opportunity to be

25   heard, apportion the reasonable expenses for the motion."  Fed.R.Civ.P. 37(a)(5)(C).  The

26   court exercises its discretion under the rule and declines to award expenses to either party.

27

28

1    IT IS ORDERED that the plaintiff's motion to compel discovery filed on August 18,

2    2021 is granted in part and denied in part.  (Doc. 31)  The court will not compel the

3    defendants to disclose the identity of the computer technician or the communications he or

4    she had with the defendants.  The defendants are ordered otherwise to provide discovery

5    consistent with this order.  The defendants shall provide this discovery within 15 days of the

6    filing of this order.

7    DATED this 20th day of September, 2021.

Leslie A. Bowman
United States Magistrate Judge