**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Paul Reiffer,

Plaintiff,

vs.

M. Ted Moeller and Moeller Law Office, P.C..,

Defendants.

No. CV 20-00561-TUC-RM (LAB)

ORDER

Pending before the court is the plaintiff's motion for a protective order filed on September 15, 2021. (Doc. 41) The defendants filed response on September 29, 2021, and the plaintiff filed a reply on October 1, 2021. (Doc. 44), (Doc. 46)

This is a copyright infringement action. The plaintiff, Paul Reiffer, is a professional photographer. (Doc. 30, p. 2) He alleges that the defendants used one of his photographs, an image of the Colorado river's horseshoe bend, to advertise their legal services without his permission. (Doc. 30, p. 3)

On September 9, 2021, the defendants served on Reiffer a notice of deposition for September 28, 2021, at the defendants' counsel's law office in Scottsdale, Arizona. (Doc. 41-2, pp. 2-3) In the pending motion, Reiffer moves for a protective order pursuant to Fed.R.Civ.P. 26(c)(1). (Doc. 41, p. 3) He moves that the court order that his deposition be taken by remote means because he is a resident of the United Kingdom (U.K.) and travel is currently prohibited between the U.K. and the United States. (Doc. 41, p. 3)

Discussion

Pursuant to Fed.R.Civ.P. 26(c)(1):

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; [or]
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;

* * *

Pursuant to Fed.R.Civ.P. 30(b)(4), "the court may on motion order . . . that a deposition be taken by telephone or other remote means." Ordinarily, "[t]he burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004), *cert. denied*, 544 U.S. 905 (2005).

In this case, Reiffer, moves for a protective order precluding the defendants from requiring that he attend the noticed deposition in person. He is a resident of the United Kingdom, and current Presidential Proclamations prevent him from entering the country due to the Covid pandemic. (Doc. 41, p. 2, n. 5) Moreover, he wishes to minimize his exposure to the Covid virus, which would be impossible if he were required to engage in extended air travel. (Doc. 41, p. 4) He moves that the court permit him to attend his deposition "by remote means" pursuant to Fed.R.Civ.P. 30(b)(4). (Doc. 41, pp. 3-4)

The defendants filed on September 29, 2021 a document styled "Motion to Strike Plaintiff's Motion [] for Protective Order as Moot." (Doc. 44) In the court's docket, however, it is labeled a *response* to the plaintiff's motion, and absent any contrary instructions from the defendants, the court construes it as such. *Id.*

The defendants explain that they have "voluntarily cancelled Plaintiff's deposition, subject to noticing the deposition at a later date." (Doc. 44, p. 1) They argue that "Plaintiff filed the Complaint in Arizona and, therefore, consented to this jurisdiction." *Id.* They further assert that "a cursory review of the Maldives official website reveals that there are no restrictions on Plaintiff traveling to and from the Maldives." (Doc. 44, pp. 1-2) They conclude that "other than the inconvenience of travel, there should be nothing standing in the way of the deposition going forward." (Doc. 44, p. 2)

The court finds that Reiffer has shown good cause[1] in support of his motion. He presents uncontradicted information that he is a U.K. resident and currently is not permitted to come to the United States due to the Covid-19 virus pandemic. And even if those restrictions were lifted, travel to Arizona would entail unnecessary risk of exposure to the virus.

In an apparent *non sequitur*, the defendants assert that it is possible to travel from the Maldives to the United States. Reiffer apparently owns a gallery in the Maldives, but, as Reiffer's counsel explained to the defendants' counsel prior to the filing of the pending motion, he is a U.K. resident. (Doc. 30, p. 2), (Doc. 41-3, p. 2) Reiffer did file the pending action in Arizona thereby consenting to the court's jurisdiction. He has consented, however, only to allowing this court to adjudicate his lawsuit. He has not consented to appear in person at a deposition in Arizona, at least, not where he can show good cause for appearing by remote means. The defendants have voluntarily canceled the noticed deposition, but they

---

[1] The court further notes that this action is about the alleged misuse of a single photograph of horseshoe bend, Arizona. It appears that the amount in controversy is on the order of $10,000 dollars. (Doc. 45, p. 3) Fed.R.Civ.P. 26 states generally that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, *the amount in controversy*, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and *whether the burden or expense of the proposed discovery outweighs its likely benefit*." (emphasis added)

maintain that they still have a right to depose the plaintiff in person in Arizona at a future date. (Doc. 44, p. 1) Reiffer's motion is not moot.

IT IS ORDERED that the plaintiff's motion for a protective order filed on September 15, 2021 is GRANTED. (Doc. 41) If the defendants choose to depose the plaintiff, they must do so by "remote means." Fed.R.Civ.P. 30(b)(4).

DATED this 4th day of October, 2021.

Leslie A. Bowman
United States Magistrate Judge