**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Reiffer,<br><br>    Plaintiff,<br><br>vs.<br><br>M. Ted Moeller and Moeller Law Office, P.C..,<br><br>    Defendants. | No. CV 20-00561-TUC-RM (LAB)<br><br>ORDER |

      Pending before the court is the plaintiff's motion to strike affirmative defenses filed on September 13, 2021. (Doc. 40) The defendants filed a response on September 27, 2021, and the plaintiff filed a reply on September 30, 2021. (Doc. 43), (Doc. 45)

      This is a copyright infringement action. The plaintiff, Paul Reiffer, is a professional photographer. (Doc. 30, p. 2) He alleges that the defendants used one of his photographs, an image of the Colorado river's horseshoe bend, to advertise their legal services without his permission. (Doc. 30, p. 3)

      Reiffer filed his original Complaint on December 29, 2020. (Doc. 1) The defendants filed their original Answer on February 16, 2021. (Doc. 15) The court issued a scheduling order on April 23, 2021. (Doc. 19) Reiffer filed an Amended Complaint on August 12, 2021, almost four months into the discovery process. (Doc. 30) The defendants filed an Amended Answer on August 23, 2021. (Doc. 36) In their Amended Answer, they assert three "affirmative defenses" and ten "additional defenses." *Id.* In the pending motion,

Reiffer moves pursuant to Fed.R.Civ.P. 12(f) that this court strike these affirmative defenses because they do not provide "fair notice" of the defense or they are invalid as a matter of law. (Doc. 40)

Discussion

Pursuant to Fed.R.Civ.P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." " The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

Fed.R.Civ.P. 8(c)(1) states that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ." "Ninth Circuit precedent requires that Defendants' pleading give 'fair notice' of the affirmative defense to Plaintiff." *Fed. Trade Comm'n v. N. Am. Mktg. & Assocs., LLC*, 2012 WL 5034967, at *1 (D. Ariz. Oct. 18, 2012). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Id.*

"A motion to strike affirmative defenses under Federal Rule of Civil Procedure 12(f) looks to the face of the pleadings to determine whether the defenses are sufficient or not." *Munoz v. PHH Corp.*, 2013 WL 1278509, at *6 (E.D. Cal. Mar. 26, 2013). "In deciding a motion to strike, a court will not consider matters outside the pleadings, and well-pleaded facts will be accepted as true." *Id.*; *but see Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527, 1528 (9th Cir. 1993) (suggesting that a court may also take into consideration matters that have been judicially noticed), *rev'd on other grounds*, 510 U.S. 517 (1994).

In their first affirmative defense, the defendants state that "[t]he Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted." (Doc. 36, p. 4) "Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in Plaintiff's prima facie case." *Fed. Trade Comm'n v. N. Am. Mktg. & Assocs.*,

1  *LLC*, 2012 WL 5034967, at *2 (D. Ariz. Oct. 18, 2012)  And in this case, the defendants give
2  no notice in their Answer as to what that defect might be.
3        In their response, the defendants explain that Reiffer "has not pled that he has suffered
4  any damages by the alleged innocent use of the subject image by Defendants."  (Doc. 43, p.
5  7)  Also, "the conduct that Plaintiff complains of is well after the relevant time period . . . ."
6  *Id.*  Moreover, "Plaintiff's claim for vicarious liability of Ted Moeller is not recognized by
7  Arizona law . . . ."  *Id.*
8        None of these alleged shortcomings, however, were discussed in the Answer.  And
9  as the court explained above, "[i]n deciding a motion to strike, a court will not consider
10 matters outside the pleadings . . . ."  *Munoz v. PHH Corp.*, 2013 WL 1278509, at *6 (E.D.
11 Cal. Mar. 26, 2013).  Accordingly, the court will strike the first "affirmative defense."
12       In their second affirmative defense, the defendants state that the claims in the
13 Complaint "are barred, in whole or in part, by the doctrines of fair use, collateral use, misuse,
14 nominative fair use and/or descriptive use."  (Doc. 36, p. 4)  In their third affirmative
15 defense, they state that the claims "are barred, in whole or in part, by the first sale doctrine."
16 *Id.*  The Answer, however, contains nothing to alert the plaintiff as to the grounds upon
17 which these affirmative defenses rest.  They also will be stricken.
18       In a section labeled "Additional Defenses," the Answer lists seven additional
19 "defenses" which may, or may not, be properly categorized as affirmative defenses.  None
20 of these "defenses" are accompanied by an indication of the grounds upon which they rest.
21 They also will be stricken.
22       Reiffer further argues that this court should strike some of the defendants' defenses
23 *with prejudice*, either because they not proper affirmative defenses or because they are not
24 supported by the facts or the law.  The court will not address this issue at present.  It will be
25 addressed when, and if, the defendants file a motion to amend their Answer.
26
27       IT IS ORDERED that the plaintiff's motion to strike affirmative defenses filed on
28 September 13, 2021 is GRANTED in PART.  (Doc. 40)  The defendants' First Affirmative

Defense, Second Affirmative Defense, Third Affirmative Defense, and Additional Defenses are stricken.  If the defendants wish to file an Amended Answer, they must file a motion to amend pursuant to Fed.R.Civ.P. 15(a)(2) by October 29, 2021.  *See* LRCiv 15.1

DATED this 6th day of October, 2021.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge

- 4 -